```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,       :        08-CR-=823

              v.                :        U.S. Courthouse
                                         Brooklyn, New York
JOHN DOE,                       :
                                         November 22, 2008
                 Defendant.     :        10:00 o'clock a.m.

- - - - - - - - - - - - - - - - - - -X


                    TRANSCRIPT OF ARRAIGNMENT
                    BEFORE THE HONORABLE NICHOLAS G. GARAUFIS
                    UNITED STATES DISTRICT JUDGE


APPEARANCES:

For the Government:        BENTON J. CAMPBELL
                              United States Attorney
                           By:  JAMES LOONAM
                                MARSHALL MILLER
                                JEFFREY KNOX
                           Assistant U.S. Attorneys
                           225 Cadman Plaza East
                           Brooklyn, New York 11201

For the Defendant:         LEN KAMDANG, ESQ.
                           Federal Defender


Court Reporter:            Anthony M. Mancuso
                           225 Cadman Plaza East
                           Brooklyn, New York 11201
                           (718) 613-2419




Proceedings recorded by mechanical stenography, transcript
produced by CAT.
```

ANTHONY M. MANCUSO, CSR   OFFICIAL COURT REPORTER

```
 1                (Case called; both sides ready.)
 2            THE COURT:  Appearances.
 3            MR. LOONAM:  James Loonam, Jeff Knox and Marshall
 4   Miller for the United States.  Good morning, your Honor.
 5            MR. KAMDANG:  Good morning.  Len Kamdang on behalf
 6   of John Doe, who is not with me.
 7            THE COURT:  Right.
 8            Before we bring in the defendant, you have an
 9   application.  So why don't we discuss the application.
10            MR. LOONAM:  Yes, your Honor.
11            The government filed a motion yesterday to close the
12   courtroom.  I would note for the record that the courtroom is
13   currently open and we, per United States v. Alcantara, marked
14   on the public docket sheet this hearing.  We provided a copy
15   of our papers to the defense and I understand the defense is
16   not going to oppose the government's motion and for the
17   reasons set forth in the government papers we would move to
18   seal the courtroom at this time and request your Honor to
19   enter the proposed order.
20            MR. KAMDANG:  That is correct.
21            Just for the record, for the purposes of this
22   specific application we're waiving his appearance.
23            THE COURT:  All right.
24            THE COURT:  I have reviewed the government's
25   submission.  Have you seen the government's submission?
```

1  MR. KAMDANG: Yes, your Honor.

2  THE COURT: And?

3  THE COURT: Having considered the government's
4  submission, I note that the notice of this proceeding has been
5  placed upon the public docket and that all the procedures
6  required to be followed have been followed by the government.
7  Based on the submissions of the parties, I make the following
8  findings: That there's a substantial possibility a public
9  arraignment a would prejudice the compelling interest of the
10 government and the integrity of significant government
11 activities entitled to confidentiality, including ongoing
12 investigations of serious and violent crimes.

13 There is a substantial probability that a public
14 arraignment would prejudice a compelling interest of the
15 government in gathering information of potential importance to
16 protect national security. No reasonable alternative to
17 closure of the courtroom exists that can adequately protect
18 the compelling interests that would be prejudiced by a public
19 proceeding.

20 As previously identified, the prejudice for the
21 compelling interests identified above override the public's
22 and the media's qualified First Amendment right to access the
23 arraignment. Accordingly, pursuant to applicable federal law,
24 I order that the motion to close the courtroom during the
25 arraignment is hereby granted and that the closure of the

ANTHONY M. MANCUSO, CSR   OFFICIAL COURT REPORTER

1  courtroom will be tailored by requiring the government with
2  advance notice to the defendant to disclose the transcript as
3  required by Brady vs. Maryland and Giglio vs. United States
4  and 18 United States Code 3500 and Rule 16 of the Federal
5  Rules of Criminal Procedure.
6        I further order that the closure of the courtroom be
7  tailored by requiring the government and the defendant to move
8  this court to unseal the transcript of the arraignment when
9  the prejudice to the parties' interests no longer outweighs
10 the public's qualified right to access.
11       I further order that the public docket will
12 immediately be amended to reflect the occurrence of the
13 hearing on the motion to close the courtroom, the disposition
14 of the motion, and the fact of the courtroom closure.
15       I further order that the motion to seal the
16 transcript of the arraignment and this order is hereby granted
17 subject of course to the government's continuing obligation to
18 provide discovery in the context of this criminal matter.  And
19 also that the defense has the right to obtain a copy of the
20 transcript with the understanding that it's under seal.
21       MR. LOONAM:  I would note for the record that the
22 individuals seated in the gallery at the moment are with the
23 government.
24       THE COURT:  Very well.
25       There's a key to lock the courtroom.  The government

ANTHONY M. MANCUSO,   CSR   OFFICIAL COURT REPORTER

1  can lock the courtroom.
2          I've signed an order to close the courtroom and
3  filed documents under seal. Mr. Loonam, the order is signed.
4          MR. LOONAM: Thank you, your Honor.
5          Does the defendant speak English?
6          MR. KAMDANG: Yes, your Honor.
7          THE COURT: Is the defendant here yet?
8          MR. KAMDANG: He's here. I don't know if he's been
9  brought up.
10         (Pause.)
11         THE COURT: United States America against Bryant
12 Neil Vinas, also known as Ibrahim 08 CR 823.
13         MR. KNOX: Jeffrey Knox, James Loonam and Marshall
14 Miller for the government. Good morning.
15         MR. KAMDANG: Len Kamdang on behalf of Mr. Vinas,
16 who is with me.
17         THE COURT: Is this his arraignment?
18         MR. KNOX: Correct, your Honor.
19         THE COURT: Mr. Vinas, have you received a copy of
20 the indictment?
21         THE DEFENDANT: Yes, sir.
22         THE COURT: Have you read it?
23         THE DEFENDANT: Yes, sir.
24         THE COURT: And discussed it with your attorney?
25         THE DEFENDANT: Yes.

1  THE COURT: Do you waive it's reading today?
2  THE DEFENDANT: Yes, sir.
3  THE COURT: All right.
4  Do you wish to enter a plea at this time?
5  THE DEFENDANT: Not guilty, sir.
6  THE COURT: You are entering a plea of not guilty?
7  THE DEFENDANT: Not guilty, sir.
8  THE COURT: A plea of not guilty is entered by the
9  defendant.
10  MR. KNOX: Your Honor, the government moves at this
11  time for a permanent order of detention based on flight risk
12  and dangerousness to the community.
13  MR. KAMDANG: And we don't have a bail package, so
14  we don't oppose that. We would ask for leave to reapply if we
15  put a bail package together.
16  THE COURT: That order is granted. The court enters
17  a permanent order of detention based on the fact that the
18  defendant is a flight risk and that he is a danger to the
19  community. You'll advise the court well in advance should you
20  wish to have the court consider a bail package, which I will
21  consider myself in the first instance.
22  MR. KAMDANG: Yes, your Honor.
23  MR. KNOX: Your Honor, the government requests a
24  status conference in this matter in approximately 30 days.
25  THE COURT: All right. We'll set a date for a

1  status conference as follows: Tuesday, December 23, 2008, at
2  11:00 a.m.
3      MR. KAMDANG: I'm going to be out of the
4  jurisdiction that week. Would it be possible for either a
5  week before or a week after?
6      MR. KNOX: That's fine with the government. Either
7  one, your Honor.
8      THE COURT: Let me give you the week before.
9  Thursday, December 18 at twelve noon.
10     Does that work for everyone?
11     MR. KNOX: Yes, your Honor.
12     MR. KAMDANG: Fine, your Honor.
13     THE COURT: All right.
14     MR. KNOX: Your Honor, the government moves to seal
15  the transcript, both for this proceeding and also the
16  proceeding that occurred immediately before this one.
17     MR. KAMDANG: No objection.
18     THE COURT: All right.
19     The transcript of this proceeding and the previous
20  proceeding of this date in this matter is sealed on motion of
21  the government, without objection from the defense, subject to
22  the government's obligations for discovery in this and other
23  matters.
24     MR. KNOX: Finally, your Honor, the government moves
25  at this time to designate the case complex, given the nature

1   of the charges, the location of the evidence and potential
2   issues relating to the Classified Information Procedures Act,
3   CIPA, we move that this case being designated complex at this
4   time.
5           MR. KAMDANG:  We don't object.
6           THE COURT:  All right.
7           The government's motion is granted.
8           And the case is designated a complex case under the
9   Speedy Trial Act.
10          I would point out though should the defense, which
11  has not objected today to that designation, wish to have the
12  matter revisited at any point, on notice to the government,
13  the court will certainly reconsider.
14          MR. KAMDANG:  Thank you, your Honor.
15          MR. KNOX:  I don't know if this is necessary.
16  Pursuant to the complex case designation, we move to waive the
17  time between now and the next status conference date, December
18  18.
19          THE COURT:  The time between today and December 18,
20  2008, under the Speedy Trial Act, is waived, based upon the
21  court's finding that this case is deemed a complex case.
22          What else do you have for today?
23          MR. KNOX:  Nothing further from the government, your
24  Honor.
25          THE COURT:  Anything else from you, sir?

```
1            MR. KAMDANG:  No, your Honor.
2            THE COURT:  We'll see you sir, on December 18 at
3   twelve noon.
4            THE DEFENDANT:  Yes, sir.
5            THE COURT:  Thank you everyone.  Have a nice day.
6            MR. KNOX:  Thank you, your Honor.
7            MR. KAMDANG:  Thank you, your Honor.
8                       oooooooOooooooo
```

ANTHONY M. MANCUSO,   CSR   OFFICIAL COURT REPORTER