1
2
3
4
5
6
7
8
9          **SEALED PAGES OF TRANSCRIPT OF PROCEEDINGS**
10              Taken on January 28, 2009
11           Before Nicholas G. Garaufis, U.S.D.J.
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Marie Foley, RPR, CRR
Official Court Reporter

1           THE COURT:  Has the courtroom been closed and
2    sealed?

3           COURTROOM DEPUTY:  Yes.

4           THE COURT:  All right.  The courtroom has been
5    sealed, and we can proceed with the taking of the defendant's
6    plea.

7           (Defendant enters.)

8           THE COURT:  Are you Bryant Neal Vinas?

9           THE DEFENDANT:  Yes, sir.

10          THE COURT:  Counsel, the Government is proceeding by
11   way of a superseding information.

12          Have you had an opportunity to discuss with your
13   client the significance of proceeding by way of an
14   information?

15          MR. KAMDANG:  Yes, your Honor.

16          THE COURT:  In your view, does he understand the
17   rights that he would be giving up by proceeding by way of an
18   information?

19          MR. KAMDANG:  Yes, your Honor.

20          THE COURT:  Have you answered all of his questions
21   about it?

22          MR. KAMDANG:  I believe so, your Honor.

23          THE COURT:  How do you pronounce your last name?
24   Is it Vinas?

25          THE DEFENDANT:  Vinas.

 1          THE COURT:  Mr. Vinas, has your attorney discussed
 2     with you the procedure of pleading guilty to an information as
 3     opposed to an indictment?

 4          THE DEFENDANT:  Yes, sir.

 5          THE COURT:  And has he answered all your questions
 6     about it?

 7          THE DEFENDANT:  Yes, sir.

 8          THE COURT:  I'm going to share with you some of your
 9     rights with respect to this procedure, and I want you to
10     listen very carefully to your rights.

11          I take it that you speak English and have no trouble
12     understanding English?

13          THE DEFENDANT:  Yes, sir.

14          THE COURT:  If at any time during this proceeding
15     you feel you don't understand something that's being said to
16     you in English and you want to stop and have an interpreter
17     assist you, we would stop and put this on for another time so
18     that you would have the assistance of an interpreter.

19          What is your native language?

20          THE DEFENDANT:  English, sir.  I was born here.

21          THE COURT:  You were born here?

22          THE DEFENDANT:  Yes, sir.

23          THE COURT:  So there's no issue with regard to
24     needing an interpreter?

25          THE DEFENDANT:  That's correct.

```
 1                 THE COURT:  That's fine.

 2                 So you're a U.S. citizen?

 3                 THE DEFENDANT:  Yes, sir.

 4                 THE COURT:  Now, have you been furnished with a copy

 5     of the charge against you in the superseding indictment S-1?

 6                 THE DEFENDANT:  Yes, sir.

 7                 THE COURT:  Has your attorney had the opportunity to

 8     go over the charges with you?

 9                 THE DEFENDANT:  Yes, sir.

10                 THE COURT:  The charges in the superseding

11     information Count One accuses you of a conspiracy to murder

12     U.S. nationals.

13                 In Count Two, the Government accuses you of

14     providing material support to a foreign terrorist

15     organization.

16                 And in Count Three, the Government accuses you of

17     receiving military-type training from a foreign terrorist

18     organization.

19                 Do you understand these charges against you in the

20     superseding information?

21                 THE DEFENDANT:  Yes, sir.

22                 THE COURT:  Now, you have certain rights, and I'm

23     going to go over these rights with you with regard to

24     proceeding by way of a superseding information.

25                 You have a constitutional right to be charged by an
```

1  indictment of a grand jury, but you can waive that right and
2  consent to being charged by information of the U.S. Attorney.
3          Do you understand what it means to waive a right?
4          THE DEFENDANT:  Yes, sir.
5          THE COURT:  What does it mean?
6          THE DEFENDANT:  It means I pass on.
7          THE COURT:  You give it up.
8          THE DEFENDANT:  Yeah.
9          THE COURT:  You don't invoke your right.  You give
10 up the right.  That's what it means to waive something,
11 W-A-I-V-E.  Okay.

12         Instead of an indictment, these felony charges
13 against you have been brought by the U.S. Attorney by the
14 filing of an information.  Unless you waive indictment, you
15 may not be charged with a felony unless a grand jury finds, by
16 return of an indictment, that there is probable cause to
17 believe that a crime has been committed and that you committed
18 it.  If you do not waive indictment, the Government may
19 present the case to the grand jury and ask it to indict you.

20         A grand jury is composed of at least 16 and not more
21 than 23 persons, and at least 12 grand jurors must find that
22 there is probable cause to believe you committed the crime
23 with which you are charged before you may be indicted.  The
24 grand jury might or might not indict you.  If you waive
25 indictment by the grand jury, the case will proceed against

1   you on the U.S. Attorney's information just as though you had

2   been indicted.

3           So let me ask you again:  Have you discussed waiving

4   your right to indictment by the grand jury with your attorney?

5           THE DEFENDANT:  Yes, I have.

6           THE COURT:  Do you understand your right to an

7   indictment by a grand jury?

8           THE DEFENDANT:  Yes, sir.

9           THE COURT:  Have any threats or promises been made

10  to induce you to waive indictment?

11          THE DEFENDANT:  No, sir.

12          THE COURT:  Do you wish to waive your right to

13  indictment by a grand jury?

14          THE DEFENDANT:  Yes, sir.

15          THE COURT:  Counsel, is there any reason why your

16  client should not waive indictment?

17          MR. KAMDANG:  No, your Honor.

18          THE COURT:  Now, I have in front of me a waiver of

19  indictment in the United States of America versus John Doe,

20  and I'm going to show this to the defendant and his attorney

21  and ask a few questions.

22          (Handing.)

23          THE COURT:  Mr. Vinas, have you read this document?

24          THE DEFENDANT:  Yes, sir.

25          THE COURT:  And have you discussed it with your

1    attorney?

2              THE DEFENDANT:  Yes, sir.

3              THE COURT:  Has he answered any and all questions

4    that you had about it?

5              THE DEFENDANT:  Yes, sir.

6              THE COURT:  Do you understand that this is a waiver

7    of indictment form?

8              THE DEFENDANT:  Yes, sir.

9              THE COURT:  At the bottom of the form, is that your

10   signature at the bottom?

11             THE DEFENDANT:  Yes, sir.

12             THE COURT:  Did you sign it today?

13             THE DEFENDANT:  Yes, sir.

14             THE COURT:  Mr. Kamdang, did you also sign the

15   waiver?

16             MR. KAMDANG:  I did, your Honor.

17             THE COURT:  Why don't you return it to me?

18             MR. KAMDANG:  (Handing.)

19             THE COURT:  I find that the defendant has knowingly,

20   intentionally and voluntarily waived indictment by the grand

21   jury.

22             Mr. Vinas, your attorney advises that you wish to

23   plead guilty to the information in which you are charged,

24   which is superseding information S-1 in 08-CR-823.

25             This is a serious decision, and I must be certain

1  that you make it understanding your rights and the
2  consequences of your plea.  I'm going to explain certain
3  rights to you, and then ask you questions.  I want your
4  answers to be under oath.  The deputy clerk will swear you in.
5          Before you do that, do you want to swear or affirm?
6          THE DEFENDANT:  Affirm.
7          COURTROOM DEPUTY:  Raise your right hand.
8          (Defendant affirmed.)
9          THE COURT:  Mr. Vinas, you understand that having
10  affirmed to tell the truth, you must do so.  If you were to
11  deliberately lie in response to any question I ask you, you
12  could face further criminal charges for perjury.
13          Do you understand that?
14          THE DEFENDANT:  Yes, sir.
15          THE COURT:  If I say anything that you do not
16  understand, or if you need me to repeat anything, you have
17  only to ask.  It is important that you understand everything
18  that goes on in these proceedings.
19          Is that clear?
20          THE DEFENDANT:  Yes, sir.
21          THE COURT:  Mr. Vinas, how old are you?
22          THE DEFENDANT:  I'm 26 years old.
23          THE COURT:  How far did you get with your education?
24          THE DEFENDANT:  I just completed high school.
25          THE COURT:  Where did you go to high school?

1              THE DEFENDANT:  Longwood High School.

2              THE COURT:  Is that in New Jersey?

3              THE DEFENDANT:  Long Island, sir.

4              THE COURT:  It's on Long Island?

5              THE DEFENDANT:  Yes, sir.

6              THE COURT:  And you are a U.S. citizen?

7              THE DEFENDANT:  Yes, sir.

8              THE COURT:  And English is your primary language?

9              THE DEFENDANT:  Yes, sir.

10             THE COURT:  Have you had any trouble communicating

11   with your client?

12             MR. KAMDANG:  No, your Honor.

13             THE COURT:  Very good.

14             Now, Mr. Vinas, I must be certain that whatever

15   decision you make today you make with a clear head.  So I'm

16   going to ask you some questions about your health.

17             Are you currently or have you recently been under

18   the care of a doctor or psychiatrist for any reason?

19             THE DEFENDANT:  No, sir.

20             THE COURT:  In the past 24 hours, have you taken any

21   pills or drugs or medicine of any kind?

22             THE DEFENDANT:  No, sir.

23             THE COURT:  In the past 24 hours, have you drunk any

24   alcoholic beverages?

25             THE DEFENDANT:  No, sir.

1           THE COURT:  Have you ever been hospitalized or

2    treated for any drug-related problem?

3           THE DEFENDANT:  No, sir.

4           THE COURT:  Is your mind clear as you stand here

5    today?

6           THE DEFENDANT:  Yes, sir.

7           THE COURT:  You understand everything being said to

8    you?

9           THE DEFENDANT:  Yes, sir.

10          THE COURT:  Counsel, have you discussed the question

11   of a guilty plea with your client?

12          MR. KAMDANG:  I have, your Honor.

13          THE COURT:  In your view, does he understand the

14   rights he would be waiving by pleading guilty?

15          MR. KAMDANG:  Yes, sir.

16          THE COURT:  Do you have any question as to your

17   client's competence to proceed today?

18          MR. KAMDANG:  No, your Honor.

19          THE COURT:  Mr. Vinas, are you satisfied with the

20   assistance your attorney has given you thus far in this

21   matter?

22          THE DEFENDANT:  Yes, sir.

23          THE COURT:  Do you feel you need any more time to

24   discuss with him the question of a guilty plea?

25          THE DEFENDANT:  No, sir.

1      THE COURT:  Now, you are pleading guilty to a three

2  count superseding information, and I'm going to ask the

3  Government to set forth the charges that are found in the

4  information and to identify the elements of the crimes for

5  each of the counts that the Government would have to prove to

6  a jury, beyond a reasonable doubt and unanimously, if you

7  decided to go to trial on these charges.

8      MR. KNOX:  Yes, your Honor.  It is a three count

9  superseding information.

10     Count One is conspiracy to murder U.S. nationals

11  abroad.  There are seven elements to this charge:  one, a

12  person outside the United States;  two, knowingly,

13  intentionally and with malice aforethought;  three, engages in

14  a conspiracy;  four, to kill one or more nationals of the

15  United States;  five, while such nationals were outside the

16  United States;  six, that one or more members of the

17  conspiracy commits an overt act to effect the object of the

18  conspiracy;  and seven, which applies in this case, the

19  defendant's last permanent address was in the Eastern District

20  of New York.

21     Count Two --

22     THE COURT:  Let me just ask do you understand the

23  charge in Count One and the elements of the crime the

24  Government would be required to prove to a jury to convict

25  you?

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  Count Two.

3          MR. KNOX:  Count Two charges providing material

4    support to a foreign terrorist organization;  in this case,

5    al-Qaeda.  There are four elements to this charge:  one, the

6    person knowingly provides material support;  two, to a foreign

7    terrorist organization;  three, the person knows that the

8    organization is a designated foreign terrorist organization or

9    knows that the organization engages in terrorism or terrorist

10   activity;  and four, which applies in this case, the defendant

11   is a national of the United States.

12         THE COURT:  Mr. Vinas, do you understand the charge

13   in Count Two?

14         THE DEFENDANT:  Yes, sir.

15         THE COURT:  And do you understand the elements of

16   the crime the Government would be obligated to prove to a jury

17   in order to convict you of this crime?

18         THE DEFENDANT:  Yes, sir.

19         THE COURT:  Very well.

20         Count Three.

21         MR. KNOX:  Count Three charges receiving

22   military-type training from a foreign terrorist organization.

23   Again there are four elements to this charge:  one, the person

24   knowingly receives military-type training;  two, from or on

25   behalf of a designated foreign terrorist organization;  three,

1    the person knows that the organization is a designated foreign

2    terrorist organization or knows that the organization engages

3    in terrorism or terrorist activity;  and four, which applies

4    in this case, the defendant is a national of the United

5    States.

6              THE COURT:  Mr. Vinas, do you understand the charge

7    in Count Three?

8              THE DEFENDANT:  Yes, sir.

9              THE COURT:  And do you understand the elements of

10   the crime that the Government would be obligated to prove to a

11   jury in order to convict you of this crime?

12             THE DEFENDANT:  Yes, sir.

13             THE COURT:  All right.

14             Now, you have certain rights, and I'm going to go

15   over those rights with you.  Please listen carefully to your

16   rights.

17             You have the right to plead not guilty to these

18   charges.  No one can be forced to plead guilty.

19             Do you understand that?

20             THE DEFENDANT:  Yes, sir.

21             THE COURT:  If you do plead not guilty to these

22   charges, you have the right, under the constitution and laws

23   of the United States, to a speedy and public trial before a

24   jury with the assistance of your attorney.

25             Do you understand?

1              THE DEFENDANT:  Yes, sir.

2              THE COURT:  At any trial, you would be presumed to

3    be innocent.  You would not have to prove that you were

4    innocent.  This is because under our system of law, it is the

5    Government that must come forward with proof that establishes

6    beyond a reasonable doubt that you are guilty of the crimes

7    charged.  If the Government failed to meet this burden of

8    proof, the jury would have the duty to find you not guilty.

9              Do you understand that?

10             THE DEFENDANT:  Yes, sir.

11             THE COURT:  In the course of a trial, witnesses for

12   the Government would have to come here to court and testify in

13   your presence.  Your attorney would have the right to

14   cross-examine these witnesses.  He could raise legal

15   objections to evidence that the Government sought to offer

16   against you.  He could offer evidence in your behalf if you

17   thought there was evidence that might help you in this case.

18             Do you understand that?

19             THE DEFENDANT:  Yes, sir.

20             THE COURT:  At a trial, you would have the right to

21   testify in your own behalf if you wished to do so.  On the

22   other hand, you could not be forced to be a witness at your

23   trial.  This is because under the constitution and laws of the

24   United States, no person can be compelled to be a witness

25   against himself.  If you wished to go to trial but chose not

1   to testify, I would instruct the jury that they could not hold

2   that against you.

3           Do you understand that?

4           THE DEFENDANT:  Yes, sir.

5           THE COURT:  If, instead of going to trial, you plead

6   guilty to the crimes charged and if I accept your pleas of

7   guilty, you will be giving up your right to a trial and all

8   the other rights I have just discussed.  There will be no

9   trial in this case.  There will be no appeal on the question

10  of whether you did or did not commit these crimes.  The only

11  thing you could appeal would be if you thought I did not

12  properly follow the law in sentencing you.  Otherwise, I will

13  simply enter a judgment of guilty based upon your plea of

14  guilty.

15          Do you understand that?

16          THE DEFENDANT:  Yes, sir.

17          THE COURT:  If you do plead guilty, I will have to

18  ask you certain questions about what you did in order to

19  satisfy myself that you are guilty of these crimes.  You will

20  have to answer my questions and acknowledge your guilt, and if

21  you do this, you will be giving up your right not to

22  incriminate yourself.

23          Do you understand that?

24          THE DEFENDANT:  Yes, sir.

25          THE COURT:  Mr. Vinas, are you willing to give up

```
1    your right to a trial and all the other rights I have just
2    discussed with you?
3               THE DEFENDANT:  Yes, sir.
4               THE COURT:  There is an agreement pursuant to which
5    this plea is being offered?
6               MR. LOONAM:  Yes, your Honor.  It should be in front
7    of you.
8               THE COURT:  Okay.  I have an agreement before me in
9    the United States of America against Bryant Neal Vinas.  It is
10   marked as Court's Exhibit Number 1.  It is dated today,
11   January 28th, 2009.  It consists of eleven pages.
12              I'm going to hand it to the defendant and his
13   attorney and ask some questions.
14              (Handing.)
15              THE COURT:  Mr. Vinas, have you read this document?
16              THE DEFENDANT:  Yes, sir.
17              THE COURT:  Have you discussed it with your
18   attorney?
19              THE DEFENDANT:  Yes, sir.
20              THE COURT:  Has he answered any and all questions
21   that you had about it?
22              THE DEFENDANT:  Yes, sir.
23              THE COURT:  Do you understand your rights and your
24   obligations under this agreement?
25              THE DEFENDANT:  Yes, sir.
```

1    THE COURT:  Mr. Kamdang, in your view, does your

2  client understand his rights and his obligations under this

3  agreement?

4    MR. KAMDANG:  Yes, your Honor.

5    THE COURT:  Very well.

6    On page 11 of the agreement, Mr. Vinas, is that your

7  signature by your name?

8    THE DEFENDANT:  Yes, sir.

9    THE COURT:  Did you sign the agreement today?

10    THE DEFENDANT:  Yes, sir.

11    THE COURT:  Counsel, have you signed the agreement

12  also?

13    MR. KAMDANG:  Yes, your Honor.

14    THE COURT:  And the Government has executed the

15  agreement?

16    MR. KNOX:  Yes, your Honor.

17    THE COURT:  Please return the agreement.

18    MR. KAMDANG:  (Handing.)

19    THE COURT:  Mr. Vinas, I have a very important

20  question to ask you.  Listen carefully.

21    Is there any other promise or agreement that has

22  been made to get you to plead guilty today that is not

23  contained in this agreement?

24    THE DEFENDANT:  No, sir.

25    THE COURT:  I'm going to go over the statutory

1   penalties associated with pleading guilty to these three

2   counts.

3        Count One charging conspiracy to murder U.S.

4   nationals.  On that count, there is a maximum term of life in

5   prison.  There is no minimum term of imprisonment.  The

6   maximum supervised release term is five years, and that would

7   follow any term of imprisonment.  If you violate a condition

8   of your release, you could be sentenced up to five years in

9   jail without credit for the time you previously served in jail

10  or the time you served on post-release supervision.

11       There is a maximum fine which is the greater of

12  $250,000 or twice the gross gain or loss.

13       Restitution will be determined by the Court.

14       And there is a $100 special assessment which is

15  mandatory.

16       Now, with regard to Count Two charging you with

17  providing material support to a foreign terrorist

18  organization.  There is a maximum term of imprisonment of 15

19  years, and there is no minimum term of imprisonment.

20       The maximum supervised release term is three years,

21  and that would follow any term of imprisonment.  If a

22  condition of release is violated, you could be sentenced up to

23  two years in jail without any credit for the time you

24  previously served in jail or the time you previously served on

25  supervised release.

1    The maximum fine is the greater of $250,000 or twice
2    the gross gain or loss.

3    Restitution will be determined by the Court.

4    And there is a $100 special assessment which is
5    mandatory.

6    With regard to the third count charging you with
7    receiving military-type training from a foreign terrorist
8    organization.  The maximum term of imprisonment is ten years,
9    and the minimum term of imprisonment is ten years, which means
10   it's a designated item of imprisonment of ten years.

11   MR. KNOX:  Correct, your Honor.

12   THE COURT:  The maximum supervised release term is
13   three years to follow any term of imprisonment.  If a
14   condition of release is violated by you, you could be
15   sentenced up to two years if jail without credit for the time
16   you previously served in jail or the time you previously
17   served on supervised release.

18   There is a maximum fine that is the greater of
19   $250,000 or twice the gross gain or loss.

20   Restitution will be determined by the Court.

21   And there is a $100 special assessment which is
22   mandatory.

23   So do you understand the statutory penalties
24   associated with pleading guilty to Counts One, Two and Three?

25   THE DEFENDANT:  Yes, sir.

25

1          THE COURT:  And do you understand that with regard

2     to Count Three, that there is a designated term of

3     imprisonment under the statute of ten years in jail?

4          THE DEFENDANT:  Yes, sir.

5          THE COURT:  Anything you want me to add to that?

6          MR. KNOX:  No, your Honor.

7          THE COURT:  Counsel, have you discussed the

8     sentencing process with your client?

9          MR. KAMDANG:  Yes, your Honor.

10          THE COURT:  In your view, does he understand how the

11     sentencing process would work in his case?

12          MR. KAMDANG:  Yes, your Honor.

13          THE COURT:  Mr. Vinas, has Mr. Kamdang discussed the

14     sentencing process with you?

15          THE DEFENDANT:  Yes, sir.

16          THE COURT:  And has he answered any and all

17     questions that you had about sentencing?

18          THE DEFENDANT:  Yes, sir.

19          THE COURT:  Do you have an understanding of how

20     sentencing would work in your case based on your conversation

21     with your lawyer?

22          THE DEFENDANT:  Yes, sir.

23          THE COURT:  Well, I'm going to discuss sentencing

24     with you as well briefly.  If you have any questions in the

25     course of my discussion with you, just ask me to stop, and

1  we'll take your question first to your lawyer and then

2  possibly to the Court.  Okay?

3          THE DEFENDANT:  Yes, sir.

4          THE COURT:  In sentencing you, I'm required to take

5  into consideration a number of things about you and about the

6  crimes to which you are pleading guilty.

7          When I do that, I will be directed to a guideline

8  that will provide a sentencing range.  I am not required to

9  sentence you within the range provided by the guideline, but I

10 am required to carefully consider the guideline

11 recommendation, among other things, in deciding what would

12 constitute a reasonable sentence in your case.

13         It is my experience that a sentence within the

14 guideline range is often reasonable and appropriate, although

15 this Court cannot presume that the guideline range is

16 reasonable.  Rather, I must make an individualized assessment

17 based upon the facts presented by your case.

18         I will carefully consider whether a sentence within

19 the guideline range is appropriate in your case and may

20 ultimately decide to impose a sentence that is more lenient or

21 more severe than the one recommended by the guideline.  If I

22 depart from the guideline, I will explain the reasons why I am

23 imposing an unusually lenient or an unusually harsh sentence.

24         Do you understand that?

25         THE DEFENDANT:  Yes, sir.

1          THE COURT:  I cannot tell you today what guideline

2    range will apply in your case.  Before I impose sentence, I

3    will receive a report prepared by the Probation Department

4    which will calculate a particular guideline range.  You and

5    your attorney will have the opportunity to see that report.

6    If you think it is mistaken or incomplete in any way, you'll

7    have the opportunity to bring that to my attention.

8          You must understand that no one can make any promise

9    to you as to the sentence I will impose.  Your attorney or the

10   prosecutor may have made predictions to you, and may make

11   recommendations to the Court concerning the sentence I should

12   impose.  I will listen carefully to whatever they have to say,

13   but you must clearly understand that the final responsibility

14   for sentencing you is mine alone.  While I may view this case

15   identically to the attorneys, I may also view the case

16   differently.  If so, I may not impose the sentence that they

17   have predicted or recommended.

18          Even if I sentence you differently from what the

19   attorneys or anyone else has estimated or predicted, you would

20   still be bound by your guilty plea.  Your guilty pleas in this

21   case, three of them.

22          Do you understand all of that?

23          THE DEFENDANT:  Yes, sir.

24          THE COURT:  If, after I impose sentence, you or your

25   attorney think that I have not properly followed the law in

1    sentencing you, you have the right to appeal your sentence to

2    the U.S. Court of Appeals for the Second Circuit.

3                    Do you understand that?

4                    THE DEFENDANT:  Yes, sir.

5                    THE COURT:  Do you have any questions you'd like to

6    ask me about the charges, your rights, or anything else

7    related to this matter that may not be clear, Mr. Vinas?

8                    THE DEFENDANT:  No questions, sir.

9                    THE COURT:  Okay.  Mr. Kamdang, is there anything

10   you would like me to discuss with your client in further

11   detail before I proceed to formal allocution?

12                   MR. KAMDANG:  No, your Honor.

13                   And just before we proceed to the formal allocution,

14   I just want to inform the Court that we have prepared an

15   allocution that I believe makes out all of the elements, and

16   the Government has reviewed it, and I believe they agree that

17   it makes out all of the elements, just to inform your Honor.

18                   THE COURT:  I'll listen to you and then I'll ask you

19   and the Government whether you believe that it fulfills all of

20   the requirements, and then we'll go from there.

21                   MR. KAMDANG:  Very well.

22                   THE COURT:  Is there anything you would like me to

23   discuss with your client in further detail?

24                   MR. KAMDANG:  No, your Honor.

25                   THE COURT:  Do you know of any reason why your

1   client should not enter a plea of guilty to these charges?

2          MR. KAMDANG:  No, your Honor.

3          THE COURT:  Are you aware of any viable legal

4   defense to these charges?

5          MR. KAMDANG:  No, your Honor.

6          THE COURT:  Okay.  Mr. Vinas, are you ready to plead

7   at this time?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  How do you plead to the charge contained

10  in Count One of the superseding information;  guilty or not

11  guilty?

12         THE DEFENDANT:  Guilty.

13         THE COURT:  How do you plead to the charge contained

14  in Count Two of the superseding information;  guilty or not

15  guilty?

16         THE DEFENDANT:  Guilty.

17         THE COURT:  And how do you plead to the charge

18  contained in Count Three of the superseding information;

19  guilty or not guilty?

20         THE DEFENDANT:  Guilty.

21         THE COURT:  Are you making these pleas of guilty

22  voluntarily and of your own free will?

23         THE DEFENDANT:  Yes, sir.

24         THE COURT:  Has anyone threatened or forced you to

25  plead guilty?

1        THE DEFENDANT:  No, sir.

2        THE COURT:  Other than the agreement with the

3   Government, has anyone made you any promise that caused you to

4   plead guilty?

5        THE DEFENDANT:  No, sir.

6        THE COURT:  Has anyone made you any promise about

7   the sentence that you will receive?

8        THE DEFENDANT:  No, sir.

9        THE COURT:  You have a written statement as to what

10  you did to commit these crimes?   Is that right?

11       THE DEFENDANT:  Yes, sir.

12       THE COURT:  Is this one statement for all three?

13       MR. KAMDANG:  Yes, your Honor.

14       THE COURT:  So what I'd like you to do now is to

15  tell me, in your own words, what you did to commit Counts One,

16  Two and Three that are set forth in the superseding

17  information.

18       What I'd like you to do is you prepared a statement,

19  is that right, in consultation with your attorney?   Is that

20  right?

21       THE DEFENDANT:  Yes, sir.

22       THE COURT:  I'd like you to read it slowly and

23  distinctly for me.  We're in no hurry.

24       Okay?

25       THE DEFENDANT:  Yes, sir.

1              THE COURT:  Go ahead.

2              THE DEFENDANT:  In the fall of 2007, I left my home

3    in Long Island to travel to Pakistan with the intention of

4    meeting and joining a jihadist group to fight American

5    soldiers in Afghanistan.  When I arrived in Pakistan, I made

6    contact with and was accepted into al-Qaeda, a jihadist group

7    that I knew to be responsible for attacks against the United

8    States, including suicide bombings targeting civilians.

9              As a member of al-Qaeda, I received training in

10   courses in general combat and explosives.  During my time in

11   al-Qaeda, I took part, at the direction of al-Qaeda leaders,

12   in two missions in September 2008 in which we agreed and

13   planned to attack a United States military base near the

14   border of Pakistan and Afghanistan.  The first attack failed

15   and we had to abort the mission before firing on the base, but

16   a few days later, I took part in firing rockets at an American

17   military base.  Although we intended to hit the military base

18   and kill American soldiers, I was informed that the rockets

19   missed and the attack failed.

20             Finally, during my time with al-Qaeda, I consulted

21   with a senior al-Qaeda leader and provided detailed

22   information about the operation of the Long Island Rail Road

23   system which I knew because I had ridden the railroad on many

24   occasions.  The purpose of providing this information was to

25   help plan a bottom attack of the Long Island Rail Road system.

1           I am a citizen of the United States.

2           MR. KNOX:  We believe this is sufficient, your

3    Honor.

4           MR. KAMDANG:  As do we.

5           THE COURT:  As does the Court.

6           Mr. Vinas, based on the information that you have

7    given me, I find that you are acting voluntarily, that you

8    fully understand the charges, your rights and the consequences

9    of your pleas.  There is, moreover, a factual basis for your

10   pleas.  I, therefore, accept your pleas of guilty to Counts

11   One, Two and Three of the superseding information S-1.

12          I'm going to set a control date for sentencing of

13   Friday, July 10th, 2009 at eleven a.m.

14          Now, Mr. Vinas, at some point in the future, you'll

15   be sentenced, and prior to being sentenced, you will have an

16   opportunity to be interviewed by a probation officer for the

17   preparation of a presentence investigation report.  In that

18   report, which is provided to the Court, to you and to the

19   Government, it sets forth your background and other important

20   facts that the Court needs to consider at the time of

21   sentencing.

22          You'll have an opportunity to review the report,

23   read it and review it with your attorney prior to sentencing.

24   If there's anything in the report that's inaccurate or if you

25   want me to know anything about you that's not in the report

1   that you think would be helpful to me when sentencing you, Mr.

2   Kamdang will provide that to the Court, to the Government and

3   to the Probation Department in writing prior to sentencing.

4           Sentencing is my most important responsibility as a

5   judge.  So I read the reports and anything else that is

6   presented to me by the parties very carefully before the day

7   of sentencing.

8           At the time of sentencing, you will also have an

9   opportunity to address the Court.

10          Any questions?

11          THE DEFENDANT:  No, sir.

12          THE COURT:  Okay.  Now, I'm going to return the

13  agreement to the Government and request that prior to the time

14  of sentencing, or near the time of sentencing rather, the

15  Court receive a copy of the report.

16          (Handing.)

17          MR. LOONAM:  Yes, your Honor.

18          THE COURT:  Or it's filed.

19          Is there an application?

20          MR. KNOX:  Your Honor, yes.  The Government moves to

21  seal the transcript of today's proceedings, as well as the

22  proceedings themselves, I guess.

23          MR. KAMDANG:  No objection.

24          THE COURT:  These proceedings are sealed.  The

25  transcript is sealed, subject to the Government's continuing

Marie Foley, RPR, CRR
Official Court Reporter

1  discovery obligations in other cases.

2          MR. KNOX:  Your Honor, I will also note for the
3  record that with respect to Count One, 2332, conspiracy to
4  murder U.S. nationals abroad, Section 2332 requires that,
5  quote, No prosecution for any offense described in this
6  section shall be undertaken by the United States except on
7  written certification of the Attorney General or the highest
8  ranking subordinate of the Attorney General ... that, in the
9  judgment of the certifying official, such offense was intended
10  to coerce, intimidate or retaliate against a government or
11  civilian population.

12          The acting attorney general of the United States did
13  make this certification, and we submitted that to the Court
14  this morning.

15          THE COURT:  Right.  Let me state for the record that
16  I have received the certification of which you speak.  It's
17  dated January 23rd, 2009, and it was executed by Mark Filip,
18  F-I-L-I-P, the acting attorney general, and it will be part of
19  the sealed record in this case.

20          Anything else?

21          MR. KNOX:  Just that there was a status conference
22  scheduled for tomorrow, and, obviously, we don't need to be
23  here for that.

24          THE COURT:  The status conference is cancelled.
25          MR. KNOX:  Right.

35

1          THE COURT:  Anything else from the Government for

2     today?

3          MR. KNOX:  No, that's it.

4          THE COURT:  Anything else from the defense?

5          MR. KAMDANG:  No, your Honor.

6          THE COURT:  All right.  Thank you, everyone.

7     Thank you, marshals.

8          MR. KNOX:  Thank you, your Honor.

9          MR. LOONAM:  Thank you, your Honor.

10         THE COURT:  Have a good evening.

11         (Defendant remanded.)

12         (Time noted:   6:00 p.m.)

13

14

15

16

17

18

19

20

21

22

23

24

25