UNCLASSIFIED

1

| | **Filed with Classified Information Security Officer**<br>CISO_____<br>Date_____4/2/17_____ |
|---|---|

1  UNITED STATES DISTRICT COURT
   EASTERN DISTRICT OF NEW YORK
2  ------------------------------x
                                          08-CR-823(NGG)
3  UNITED STATES OF AMERICA,

                                          United States Courthouse
4             Plaintiff,                  Brooklyn, New York

5             -against-                   April 20, 2017
                                          2:00 p.m.
6  BRYANT VINAS,

7             Defendant.
   ------------------------------x
8        *** CONTAINS SEALED CLASSIFIED INFORMATION ***

9      TRANSCRIPT OF CRIMINAL CAUSE FOR MOTION HEARING
          BEFORE THE HONORABLE NICHOLAS G. GARAUFIS
10           UNITED STATES SENIOR DISTRICT JUDGE

11 APPEARANCES

12 For the Government:        ROBERT L. CAPERS, ESQ.
                              United States Attorney
13                            Eastern District of New York
                              271 Cadman Plaza East
14                            Brooklyn, New York 11201
                              BY:  RICHARD M. TUCKER
15                                 DAVID KESSLER
                                   SETH DuCHARME
16                            Assistant United States Attorneys

17                            SPECIAL AGENT FARBOD AZAD
                              INTELLIGENCE ANALYST ERIKA DAY
18                            JOINT INTELLIGENT TASK FORCE

19 For the Defendant:         STEVE ZISSOU & ASSOCIATES
                              42-40 Bell Boulevard, Suite 302
20                            Bayside, New York 11361
                              BY:  STEVE ZISSOU, ESQ.
21
   For the Defendant:         LAW OFFICES OF MICHAEL K. BACHRACH
22                            276 Fifth Avenue, Suite 501
                              New York, New York 10001
23                            BY:  MICHAEL K. BACHRACH, ESQ.

24 Court Reporter:            LINDA D. DANELCZYK, RPR, CSR, OCR
                              Phone: 718-613-2330 Fax: 718-804-2712
25                            Email:  LindaDan226@gmail.com

Proceedings recorded by mechanical stenography. Transcript
produced by computer-aided transcription.

UNCLASSIFIED

2

- CONTAINS SEALED CLASSIFIED INFORMATION -

1    (Continued from open court.)

2    THE COURT:  Can we have everyone appearance here?

3    Let's get everybody's appearance.  Start with the government

4    and everybody else.

5    MR. TUCKER:  Yes, Your Honor.

6    So for the government, Your Honor, Rich Tucker,

7    David Kessler and Seth DuCharme.  With us again in the back of

8    the room is Special Agent Farbod Azad, and Intelligence

9    Analyst Erika Day from the Joint Intelligent Task Force.

10    THE COURT:  Welcome to both of you.

11    All right.  And?

12    MR. ZISSOU:  Oh, Steve Zissou and Michael Bachrach

13    again for Mr. Vinas, who's not present.

14    THE COURT:  All right.  And he waived his

15    appearance.

16    MR. ZISSOU:  Yes, Your Honor.

17    THE COURT:  Yes, he wouldn't have his appearance any

18    way.

19    MR. ZISSOU:  Yes, Judge.

20    THE COURT:  All right, so the issue, I suppose, is

21    two redacted portions of the government's sealed submission to

22    the Court in connection with sentencing.

23    MR. TUCKER:  Classified submission.

24    THE COURT:  Classified submission.

25    MR. ZISSOU:  There's the letter we submitted asking

*LINDA D. DANELCZYK, RPR, CSR*
*Official Court Reporter*



C06682572

UNCLASSIFIED

3

— CONTAINS SEALED CLASSIFIED INFORMATION —

1   questions.

2          THE COURT:  Yes, tell me which letter we're talking

3   about.

4          MR. ZISSOU:  Mr. Bachrach will describe it.

5          MR. BACHRACH:  This letter —

6          MR. ZISSOU:  It's dated, what date it is?

7          THE COURT:  March 23rd.

8          Do you have it?

9          MR. TUCKER:  I do, Your Honor.

10          MR. BACHRACH:  This letter —

11          THE COURT:  I think we have nine items.

12          MR. BACHRACH:  Correct, Your Honor.

13          MR. ZISSOU:  The government responded on April 3rd.

14   That's their classified response.

15          THE COURT:  So why don't we just — it would be

16   helpful for me if we just went through the nine items.

17          MR. TUCKER:  Sure.

18          THE COURT:  And we have the items and the response,

19   but why don't we put it all, you know, as long as we're here

20   together today —

21          MR. ZISSOU:  Sure.

22          THE COURT:  — put it into the record.

23          Why don't I just read the item and then we can

24   discuss it.

25          MR. ZISSOU:  Fair enough.

C06682572

**UNCLASSIFIED**

4

– CONTAINS SEALED CLASSIFIED INFORMATION –

1    THE COURT:  A March 23rd, 2017 letter from the

2  defense under seal, presumptively classified.

3    The first issue is, one:  With respect to any of the

4  information provided ⬚⬚⬚ by Mr. Vinas, including

5  information that is specifically referenced ⬚⬚⬚

6  as having been, quote, assessed to be historical or potential

7  leads to Usama bin Laden and Ayman al-Zawahiri, did any

8  such information assist the United States in obtaining the

9  location of Usama bin Laden or Ayman al-Zawahiri.  And so

10  on that one --

11    MR. ZISSOU:  Their answer is on page 2 of their

12  letter.

13    THE COURT:  Their letter.  Thank you.

14    In answer to that question, the answer was "no".  I

15  mean I'm not going to read it.  The answer's "no".  So that

16  question was answered.

17    MR. ZISSOU:  Yes.

18    THE COURT:  Number two requests:  With respect to

19  the above, did any of such information assist in the capture

20  or death of Usama bin Laden or Ayman al-Zawahiri, and the

21  answer was to that, and the government's response was "no".

22    MR. TUCKER:  Correct, Your Honor.

23    THE COURT:  Right?

24    MR. BACHRACH:  Yes, Your Honor.

25    THE COURT:  Third question:  Please provide an

**UNCLASSIFIED**

5

– CONTAINS SEALED CLASSIFIED INFORMATION –

1    estimate of the number of acts of terrorism targeting people

2    or places within the United States that were disrupted as a

3    result of the information provided by Mr. Vinas to the United

4    States, including the FBI, the DOJ, and the IC and/or to,

5    quote, U.S. foreign liaison partners, end quote.

6              The third bullet in the response, is that responsive

7    to that?

8              MR. TUCKER:  It is, Your Honor.

9              THE COURT:  Well, let me just read it.

10             The response in the April 3rd; is it?

11             MR. TUCKER:  Yes, Your Honor.

12             THE COURT:  Letter of the government is, quote, the

13   terrorist plot disrupted as a result of the defendant's

14   cooperation as set forth in the government's previously filed

15   submissions, end quote.

16             So that was answered.  All right.  Okay.

17             Then we move on to number four through nine.

18             MR. TUCKER:  Yes, Your Honor.

19             THE COURT:  And as to those, as to all of them, the

20   government states that with respect to the remaining

21   interrogatories contained in your March 23, 2017 submission,

22   the government rests on its prior submissions.  That's what

23   you answered.

24             MR. TUCKER:  Yes, Your Honor.

25             THE COURT:  Your answer was you didn't specifically

UNCLASSIFIED

6

— CONTAINS SEALED CLASSIFIED INFORMATION —

1   answer each one, you simply provided a catch-all answer.

2           MR. TUCKER:  Yes, Your Honor.

3           MR. ZISSOU:  That's what they did.

4           THE COURT:  All right.  And is that the subject of

5   this meeting?

6           MR. BACHRACH:  Yes, Your Honor.  That and the

7   redacted information.  And the next question is the overlap.

8           THE COURT:  Well, let me just read them then.

9   Because it's helpful to me to read them.  I don't know about

10  you, but it helps me.

11          Number four:  Please provide an estimate of the

12  number of acts of terrorism targeting people or places outside

13  the United States that were, quote, disruptive, end quote, as

14  the result of the information provided by Mr. Vinas to the

15  United States, including the FBI, the DOJ, and the IC.  I'm

16  sorry, what is IC?

17          MR. BACHRACH:  International community.

18          MR. TUCKER:  Intelligence community.

19          MR. ZISSOU:  Intelligence community.

20          THE COURT:  Is that the domestic intelligence

21  community or the intelligence community of the world?

22          MR. TUCKER:  The way that we use the term, Your

23  Honor, it would be American intelligence agencies.

24          THE COURT:  For my information.

25          MR. BACHRACH:  And I'm quoting one of their

UNCLASSIFIED

C06682572

UNCLASSIFIED

7

- CONTAINS SEALED CLASSIFIED INFORMATION -

1    submissions, Your Honor.

2          THE COURT:  All right.  And/or to, quote, U.S.

3    foreign liaison partners, end quote.

4          So your response to that is you've already provided

5    that to the extent that you have such information.

6          MR. TUCKER:  That's correct, Your Honor.

7          THE COURT:  Five:  Was information provided by

8    Mr. Vinas relied upon by the United States for military

9    purposes; if so, please provide a summary.  And same answer.

10         MR. TUCKER:  Correct, Your Honor.

11         THE COURT:  Six:  Was information provided by

12   Mr. Vinas relied upon by the United States in relation to

13   drone strikes of specific targets; if so, please provide an

14   estimate of the number of strikes that were launched that

15   relied upon such information, as well as an estimate of the

16   number of strikes that were successfully completed as a result

17   of such information.  You provided the same answer.

18         MR. TUCKER:  Yes, Your Honor.

19         THE COURT:  Seven:  Has the IC been able to

20   successfully infiltrate al-Qaeda as the result of the

21   information provided by Mr. Vinas.  You have the same answer.

22         MR. TUCKER:  Yes, Your Honor.

23         THE COURT:  Number eight:  Has the IC been able to

24   successfully infiltrate any other terrorist organization,

25   including but not limited to ISIS, as a result of the

8

- CONTAINS SEALED CLASSIFIED INFORMATION -

1    information provided by Mr. Vinas.  Same answer.

2                MR. TUCKER:  Yes, Your Honor.

3                THE COURT:  Nine:  Please identify whether the

4    answer to any of the questions listed above is revealed in the

5    paragraphs that are redacted in the government's classified

6    letter [                    ] And you give the same answer to

7    that, although that answer would not be found in your

8    submissions.

9                MR. TUCKER:  It's a fair point, Your Honor.  I guess

10   what I mean by that is the basis for not providing that answer

11   would be the same basis for why we redacted those paragraphs

12   in the first instance.

13               THE COURT:  Oh, okay.  So it really doesn't apply to

14   paragraph 9.

15               MR. TUCKER:  I think that's right, Your Honor.

16               THE COURT:  But what applies to paragraph 9 is the

17   redaction of the two items in the other letter.

18               MR. TUCKER:  The government's classified submission.

19               THE COURT:  The classified submission, which we

20   have, I think.

21               THE LAW CLERK:  You have it, Your Honor.

22               THE COURT:  Yes, let me just have that.

23               MR. BACHRACH:  I mean the original, I'm sorry.

24               THE COURT:  Right.  I also have the redacted

25   version.

LINDA D. DANELCZYK, RPR, CSR
Official Court Reporter



UNCLASSIFIED

9

- CONTAINS SEALED CLASSIFIED INFORMATION -

1        MR. BACHRACH:  Yes, Your Honor.

2        THE COURT:  Let's just not confuse ourselves.  Take

3    a look.

4        (Pause.)

5        THE COURT:  All right.  So what I'm being told about

6    paragraphs 4 through 8 is you already -- the government's

7    position is you have the information.  That was already

8    provided to you.  Is that right?

9        MR. TUCKER:  Well, that's certainly true, Your

10   Honor, I think --

11        THE COURT:  But it's not provided in the form that

12   it's requested.  I think that's the difference.  That what

13   you're saying is that in the prior submissions to the defense,

14   the information that's requested is somewhere found within

15   that material.

16        MR. TUCKER:  I think that's right, Your Honor.  I

17   would just modulate that answer slightly to say that certain

18   of the information requested may or may not have been provided

19   to the Court but not to defense counsel.

20        And I need to be cautious here because the defense

21   does not have authorization to have answers to certain

22   questions in there.  The Court does.  So the --

23        THE COURT:  But how would I know?  How would they

24   know which questions they are?

25        MR. TUCKER:  They wouldn't, Your Honor.  But I'm


UNCLASSIFIED

UNCLASSIFIED

- CONTAINS SEALED CLASSIFIED INFORMATION -

10

1  happy to highlight that to the Court outside the presence of

2  defense counsel.

3          THE COURT:  Well that doesn't help me.

4          MR. TUCKER:  Your Honor --

5          THE COURT:  Your point in the other room was that

6  they don't need some of this material in order to make their

7  arguments on sentencing.

8          MR. TUCKER:  Absolutely, Your Honor.

9          THE COURT:  And their position is that sentencing in

10  this situation is an extension of the process of pretrial and

11  discovery and preparation for trial and material that would be

12  in the nature of Brady material, were there to be a trial, and

13  that it's a more expansive view of Brady than you're willing

14  to agree to.

15          MR. TUCKER:  I agree with that, Your Honor.

16          MR. BACHRACH:  Your Honor, if I may add.

17          THE COURT:  Of course.

18          MR. BACHRACH:  I would actually take it a little bit

19  further than that.

20          THE COURT:  I'm sure you would.

21          MR. BACHRACH:  I would say that since, as I

22  explained in my letter, since Brady is itself a case dealing

23  with penalty phase mitigation for sentencing, which is

24  analogous to sentencing in a noncapital case, since the issue

25  that was found reversible or found to have been the problem

UNCLASSIFIED

C06682572

UNCLASSIFIED

11

- CONTAINS SEALED CLASSIFIED INFORMATION -

1  with Brady originally, was the failure to turn over evidence

2  that would mitigate favorably towards the defendant in

3  relationship to what his punishment should be.  And that is

4  analogous to what his sentence should be.

5       So Brady is not simply confined to pretrial

6  proceedings, it may be that that's where it's most commonly

7  cited, but it is certainty not what it's confined to.  It does

8  apply to sentencing as well.  So information relevant to

9  sentencing under 3553(a) or 3661, either one of those, it

10  would be applicable.  And from our perspective, Your Honor, I

11  think Brady itself is pretty clear on that point.

12          THE COURT:  And the government's position -- just

13  share with me the government's position on what might be a

14  balancing of the equities.  I don't know that it would apply

15  in Brady, if Brady is applicable, but how does the government

16  square that concern of the defense and the rights of a

17  defendant to have an appropriate set of arguments for a

18  sentencing with the issue of national security and so forth.

19          MR. TUCKER:  Right.  Well, I think a couple of

20  important framing points, Your Honor.

21          The first is I think Mr. Bachrach goes far too far

22  in his extension of Brady.  If we're talking about Brady from

23  the standpoint of disclosing mitigating details about a

24  defendant, I think that's very different than providing

25  information about consequences or possible outcomes attenuated

UNCLASSIFIED

12

- CONTAINS SEALED CLASSIFIED INFORMATION -

1  and stemming from a defendant's cooperation.  So I simply

2  don't acknowledge, and Mr. Bachrach cites to no case to

3  support the proposition that the defense would be entitled to

4  that information.

5          Now that said, Your Honor, the government has, in

6  good faith, in a manner consistent with the cooperation

7  agreement, has endeavored to provide the Court with any and

8  all details available to it about the nature of the

9  substantial assistance provided by the defendant.  And in so

10  doing, we have provided a very small ex parte portion of our

11  classified submissions.  And Your Honor knows, as Your Honor's

12  been practicing and on the bench far longer than I have

13  been --

14          THE COURT:  Who has been?

15          MR. TUCKER:  You have, Your Honor.

16          THE COURT:  We had a problem with that yesterday in

17  another matter.

18          MR. ZISSOU:  Yes, we read.

19          MR. TUCKER:  But Your Honor knows that it's a common

20  practice in this district to make ex parte submissions in

21  support of 5K applications, and we've done it here in the

22  unclassified context as well, where we described cases that

23  are pending, where we've charged individuals based on

24  information provided by the defendant in the course of its

25  cooperation.  And defense counsel doesn't quibble with that

*LINDA D. DANELCZYK, RPR, CSR*
*Official Court Reporter*


UNCLASSIFIED

C06682572

UNCLASSIFIED

13

— CONTAINS SEALED CLASSIFIED INFORMATION —

1   because they understand that it would be ridiculous to suggest

2   that they would be entitled to know who is charged in an

3   ongoing investigation.

4        It's the same idea, Your Honor.  This is positive

5   information about the defendant.  We made that clear in our

6   footnote.  It's information that the Court should consider in

7   evaluating sentence.  But the Court doesn't need the defense

8   counsel to comment on this information to understand its

9   import.  I apologize, Your Honor.

10       THE COURT:  No, go ahead.  No, you finish.

11       MR. TUCKER:  I would just say:  Only the government,

12   and the law is clear on this, only the government is in a

13   position to assess whether substantial assistance was granted.

14   I mean obviously it's such that it was.

15       But we are the ones who can explain to the Court

16   what the nature of that substantial assistance is, and we've

17   done that.  The information is a incredibly small subset of

18   the information not provided to the defense is simply, Your

19   Honor, so sensitive that the stakeholders would not let us

20   provide it.

21       THE COURT:  Did you want to add something,

22   Mr. Kessler?

23       MR. KESSLER:  No.

24       THE COURT:  No?  Okay, you had your chance.

25       Let me just say, and I'm not sure how far I can go

UNCLASSIFIED

UNCLASSIFIED

C06682572

14

– CONTAINS SEALED CLASSIFIED INFORMATION –

1   in saying this -- well, let me ask this:  You heard

2   Mr. Zissou's comments in public just now about the scope and

3   significance of his client's assistance.  If I were holding a

4   sentencing proceeding, would you be taking issue with that?

5         MR. TUCKER:  As a practical matter, probably not,

6   Your Honor.  I think Mr. Zissou will be able to make his

7   full-throated argument in favor of his client, and I think

8   that frankly, Your Honor, the government would be doing the

9   same.

10        THE COURT:  Well, would it be inappropriate for me

11  to give, based on having read the material that is the subject

12  of this discussion, at least an overview, not of any of the

13  details, any of the facts, but of the significance that the

14  Court believes that this material would engender at a

15  sentencing proceeding, or is it premature for me to do that?

16        MR. ZISSOU:  I certainly don't think it's premature.

17        MR. TUCKER:  I don't think it's premature, Your

18  Honor, I think the Court can definitely do that.  But the

19  Court knows what's under those redactions.

20        THE COURT:  Yes, but the defense doesn't, and

21  obviously the defense has a concern that they have articulated

22  that this might be helpful -- knowing these facts might be

23  extremely helpful in formulating their arguments for a

24  particular proposed sentence, let's say.  And I'm not sure

25  whether they're right about -- and I'm not going to comment

UNCLASSIFIED

— CONTAINS SEALED CLASSIFIED INFORMATION —

1  today on whether they're right about their Brady argument, but

2  I can understand why in a case as charged, as serious and

3  having as much scrutiny and attention being given to it as

4  this in the environment we live in, that they would want to be

5  able to make the strongest possible argument for their client,

6  who is clearly in a very difficult spot in terms of his

7  existence, having done what he did before and after his

8  arrest.

9        So the reason I ask the question is, perhaps it's

10  possible to put this whole discussion to rest by the Court, at

11  least giving an overview of its view, its own view of the

12  significance of this information in terms of sentencing, which

13  could put the -- or not put the defense at ease about the

14  significance of this material without providing the material,

15  which I would agree, having read it, is extremely sensitive.

16  So the only way the defense could get it is if they can win on

17  their Brady argument, all right?

18        I trust them to follow the rules about not

19  disclosing information, but I can also understand the reason

20  why the government has redacted these particular short phrases

21  in the submission, in the classified submission.  So that's my

22  question.  I mean is this a problem for the government?

23        MR. TUCKER:  No, I don't think so, Your Honor.

24        THE COURT:  Well, I've read the materials and it's

25  clear to the Court that the redacted material is extremely



UNCLASSIFIED

16

– CONTAINS SEALED CLASSIFIED INFORMATION –

1   helpful to the Court in a very positive way in how it looks at

2   the defendant's cooperation, that this is extremely

3   significant and very positive in any argument that the defense

4   makes in connection with the best possible sentencing results

5   for the defendant.

6          So I don't know how far we want to take this, but

7   everything that Mr. Zissou said reflects what's in this

8   redacted material.  The Court accepts the redacted material as

9   being bona fide and accurate, and also be extremely sensitive,

10  and I don't know that you need any more than that, but you're,

11  Mr. Zissou, Mr. Bachrach, you're the defendant's attorneys, if

12  you want to pursue the arguments that you made in your

13  extensive submission of today, that is your right and I can

14  rule on it, obviously, but you should understand that I think

15  that the materials that are redacted are extremely helpful to

16  your case and the Court -- and actually it was very helpful

17  for you to raise these issues so that I would focus on them.

18          If the idea, among others, was that I should take a

19  special look, I've taken that special look and I'm very

20  impressed by what the government has put forward.  So it's

21  really up to you, and I'm not going to tell you what to do

22  now, you can tell me.  If you want to pursue the application,

23  that is your right and I'll rule on it, but I think it's very

24  clear that there's some very beneficial materials in there for

25  your client.

LINDA D. DANELCZYK, RPR, CSR
Official Court Reporter

UNCLASSIFIED

UNCLASSIFIED

17

– CONTAINS SEALED CLASSIFIED INFORMATION –

1        MR. ZISSOU:  So, Judge, I think what we'll do is

2   we're going to see the client tomorrow.  Again we'll be

3   spending some more quality time with him.  We will certainly

4   run this by him.  As Your Honor knows, he's eager to proceed,

5   as is the Court and the parties.  So we will speak to him.  If

6   we think we need anything further, then we will let the Court

7   know, but I think Your Honor should probably think about

8   sentencing and, again, if I'm wrong tomorrow and we decide

9   differently then we'll let Your Honor know forthwith about

10  what the answer might be.  Of course we don't have our phones

11  so we can't give you dates.  We have to go back into the

12  courtroom to get them.

13        THE COURT:  Well, we can do that.  We're not far

14  away from the courtroom.  But I would like to schedule

15  sentencing, if I could.

16        Is that agreeable to the government?

17        MR. ZISSOU:  Of course, yes.

18        MR. TUCKER:  Yes.

19        MR. BACHRACH:  I'm just going to put this on the

20  record now, if it would be possible to get an expedited review

21  of this sealed transcript for public release, to the extent

22  that it can be, any portions of today's proceedings can be

23  declassified, so that we can rely upon the public submission.

24        THE COURT:  Why don't you work that out, if it's

25  possible.

UNCLASSIFIED

18

— CONTAINS SEALED CLASSIFIED INFORMATION —

1    MR. TUCKER:  We'll take a look, Your Honor.

2    MR. ZISSOU:  Sure.

3    THE COURT:  I think we're well on our way here and I

4 would very much like to sentence the defendant and move on.

5    MR. BACHRACH:  Understood.

6    THE COURT:  And however I sentence the defendant, he

7 has agreed to continue to cooperate with the government.

8    MR. ZISSOU:  No question.

9    MR. BACHRACH:  Yes, Your Honor.

10    THE COURT:  Let me just ask this, as long as we're

11 sitting in private.  Has the defendant's cooperation continued

12 full throated over these nine years?

13    MR. TUCKER:  Your Honor, I think the answer to that

14 would be nearly, but not entirely, and we addressed this in

15 our letter a little bit.  The hiccup in the cooperation

16 related to his potential testimony in a case that was current

17 in September.

18    THE COURT:  I think you wrote to me.  Is that the

19 one you wrote to me about?

20    MR. TUCKER:  I think I did, Your Honor.  It's in our

21 file.  I think there's a bit of a tension between what I think

22 is Mr. Zissou's accurate characterization of his willingness

23 to cooperate with sort of his state of mind in terms of like

24 whether his mind is ready to be fully cooperative.

25    THE COURT:  Well, there's also -- if he's anxious to

C06682572

UNCLASSIFIED

19

~ CONTAINS SEALED CLASSIFIED INFORMATION -

1    be sentenced.

2            MR. TUCKER:  Right.

3            THE COURT:  If he's sentenced now, does it -- what

4    is your view, rather, of whether that would have any affect on

5    his willingness and ability to cooperate in a proceeding later

6    on.

7            MR. TUCKER:  I'm reluctant to speculate on that.  I

8    would need to speak to Mr. Bachrach.

9            MR. ZISSOU:  It won't undermine it whatsoever.  Even

10   if Your Honor would impose a sentence that's as close to time

11   served, he has to go into the WITSEC pro.  He's asked to

12   continue in WITSEC, that's a 120-day process minimally.  Even

13   if Your Honor were to impose a sentence that was close to time

14   served, he would be still in custody for at least another 90

15   days so, and probably longer than that, probably three or four

16   months.  So it's not going to make a difference.  He

17   understands the cooperation agreement obliges him to cooperate

18   fully and he will continue to do so.

19            His concern is the passage of time, because early

20   on, let's call it a misunderstanding, there were, as there

21   often are, suggestions about how long it would be, two years,

22   three years, five years, and before you know it it's almost a

23   decade and that leads to, given the passage of time and where

24   he's been housed, it leads to --

25            THE COURT:  Frustration.

*LINDA D. DANELCZYK, RPR, CSR*
*Official Court Reporter*



C06682572

UNCLASSIFIED

20

– CONTAINS SEALED CLASSIFIED INFORMATION –

1      MR. ZISSOU:  Yes.

2      MR. TUCKER:  And distraction I think, Your Honor.

3      THE COURT:  Well that's understandable.  And what

4  you know and I know, but he certainly would never know, is

5  that it is not a unique circumstance to a terrorism case, it

6  has to do with any kind of cooperation of a --

7      MR. ZISSOU:  Sure.

8      THE COURT:  -- serious nature --

9      MR. ZISSOU:  Sure.

10      THE COURT:  -- where there are proceedings that are

11  unearthed over time and --

12      MR. ZISSOU:  Sure.

13      THE COURT:  -- and assistance is needed for a good

14  period of time.

15      MR. ZISSOU:  None of us were here at the time so --

16      THE COURT:  Who wasn't here?

17      MR. BACHRACH:  The attorneys.

18      THE COURT:  Oh, yes, I was here.

19      MR. ZISSOU:  Mr. Tucker, you were here.

20      THE COURT:  I was here.  I was here on day one.

21      MR. ZISSOU:  I wasn't.  All I can tell you --

22      THE COURT:  Well, I was here in my business suit

23  when the prosecutors came in with the defendant and the FBI

24  all wearing flak jackets and helmets when he was arraigned.  I

25  was the only one -- and the court reporter who were basically

UNCLASSIFIED

UNCLASSIFIED

21

— CONTAINS SEALED CLASSIFIED INFORMATION —

1  unprotected.

2      MR. ZISSOU:  He was certainly somebody who needed to

3  be protected, I'll tell you that.  Still does and still will

4  for the rest of his life.

5      THE COURT:  But I was here on day one.

6      MR. ZISSOU:  Couple of things have combined to make

7  this better.  One is Your Honor having regular status

8  conferences.  That really helped us.  And then I think

9  Mr. Tucker stepped in and directly gave the client a choice:

10  Either you can wait or you can be sentenced, we won't stand in

11  your way, you've done a lot for us, but understand I have to

12  tell the Judge that Mr. Tucker did that, I have no --

13      THE COURT:  Right, and that's why we're here now.

14      MR. TUCKER:  Exactly.

15      THE COURT:  Okay, that's fine.  All right.

16      So is there anything else for this sealed

17  proceeding?

18      MR. ZISSOU:  Not from the defense, Your Honor.

19      MR. TUCKER:  Not from the government, Your Honor.

20      THE COURT:  All right, the transcript is sealed, and

21  is there anything about it that needs to be -- anything else I

22  need to say about it?

23      MR. ZISSOU:  No, Judge, other than --

24      THE COURT:  And maybe made available to the parties,

25  the attorneys of record, only.

LINDA D. DANELCZYK, RPR, CSR
Official Court Reporter

UNCLASSIFIED

C06682572

UNCLASSIFIED

22

— CONTAINS SEALED CLASSIFIED INFORMATION —

1   MR. ZISSOU:  Your Honor, can I have the reporter

2   prepare the public portion of the transcript?

3   THE COURT:  Let me say it.

4   MR. ZISSOU:  Thank you, Judge.

5   THE COURT:  For review and the possible preparation

6   of a redacted public portion, if it is agreeable to both

7   sides.

8   MR. ZISSOU:  And just so we -- insofar as the

9   previous proceeding in open court, would Your Honor order

10  those minutes produced as well?

11  THE COURT:  Yes, the minutes of the public

12  proceeding, which took place before this proceeding, will be

13  completed, the transcript will be completed and made available

14  to the parties.

15  MR. ZISSOU:  Thank you.

16  MR. BACHRACH:  Thank you.

17  THE COURT:  All right, so what do we need to go out

18  and do now?

19  MR. ZISSOU:  Do you want to just pick a date for the

20  sentence?

21  THE COURT:  Let's go out and pick a date for the

22  sentence.  All right, you all will get your cell phones back

23  and your iPhones.

24  (Whereupon, the matter was concluded.)

25  *   *   *   *   *

I certify that the foregoing is a correct transcript from the
record of proceedings in the above-entitled matter.

UNCLASSIFIED