UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

UNITED STATES OF AMERICA,

        -against-                                  **MEMORANDUM & ORDER**

BRYANT NEAL VINAS,                        **08-CR-823 (NGG)**

                    Defendant.
-------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

      Non-party John Riley, a member of the public and a reporter for Newsday, has petitioned the court to unseal documents submitted by the Government, which relate to Defendant's discharge from the United States military. (See Mot. to Unseal ("Mot.") (Dkt. 57).) For the following reasons, the Motion is DENIED.

**I.    BACKGROUND**

      On April 6, 2017, at the court's request, the Government submitted under seal certain "documents, which relate to the defendant's discharge from the United States military" (the "Military Records"). (See Gov't Ltr. (Dkt. 51).) The Government requested that the Military Records be maintained under seal because they "contain sensitive information about the defendant." (Id.)

      On April 20, 2017, Riley moved the court to unseal the Military Records. (Mot.) Defendant responded that he "object[s] to the release of [his] medical and psychological records as well as any information prohibited from public disclosure under the Privacy Act of 1974, 5 U.S.C. § 552a, and Rule 49.1 of the Federal Rules of Criminal Procedure." (Def. Resp. to Mot. (Dkt. 59).) Defendant submitted a redacted copy of the Military Records, proposing to make that version of the records available to the public. (See Def. Ltr. (Dkt. 60); Proposed Red. Military

1

Records (Dkt. 60-1).) The Government has confirmed that it has no objections to Defendant's proposed redactions. (Gov't Resp. to Mot. (Dkt. 61).)

The court finds that continued sealing of the redacted sections of the Military Records is proper in light of the standards governing public access to judicial documents and so denies the motion to unseal.

## II.  LEGAL STANDARD

The public enjoys a presumptive right of access to judicial documents under the common law and a "qualified First Amendment right . . . to access certain judicial documents." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119, 120 (2d Cir. 2006) (internal quotations marks and citation omitted). Where the common law right applies,[1] the court must apply a "presumption of access," with the weight of the presumption determined by the "role of the material at issue in the exercise of Article III judicial power" and its "resultant value . . . to those monitoring the courts." United States v. Amodeo, 71 F.3d 1044, 1049 (2d Cir. 1995). In those cases, the "court must balance competing considerations against disclosure," permitting a document to be sealed from public access only where the "competing interests outweigh the presumption." Lugosch, 435 F.3d at 120. The qualified First Amendment right of access provides an additional, stronger level of protection than does the common law right, such that courts may only resist disclosure where "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." United States v. Erie Cty., N.Y., 763 F.3d 235, 239 (2d Cir. 2014) (internal quotation marks and citations omitted). Either or both of these rights of access may extend to criminal sentencing

---

[1] Because no party contests the applicability of either the common law or qualified First Amendment right of access to the Military Records, the court does not detail the standards for determining whether either of those two rights applies to the Military Records.

2

proceedings, and documents used in aid of those proceedings are "presumed to be open to the public." United States v. Huntley, 943 F. Supp. 2d 383, 385 (E.D.N.Y. 2013) (citing Nixon v. Warner Commc'ns, 435 U.S. 589, 597-98 (1978)); see United States v. Alcantara, 396 F.3d 189, 196-98 (2d Cir. 2005)). But see United States v. Charmer Indus., 711 F.2d 1164, 1171 (2d Cir. 1983) (holding that presentence reports are generally not subject to public disclosure).

The rights of access afforded by the common law and First Amendment are not absolute, however, and the need for disclosure may be overcome where the party seeking to seal the documents can show that there are "countervailing factors" (in the common law framework), see Amodeo, 71 F.23d at 1050, or that sealing is necessary to preserve "higher values" (in the First Amendment context), see Alcantara, 396 F.3d at 200. The privacy interests of the person resisting disclosure can be sufficient to overcome the public right of access. Lugosch, 435 F.3d at 120. Courts have specifically recognized that "there is a recognized privacy interest in medical records," albeit one that is neither "fundamental nor absolute." United States v. Sattar, 471 F. Supp. 2d 380, 387 (S.D.N.Y. 2006); see id. at 389 (holding that "the interest in personal privacy for the matters redacted from [the defendant's] [psychiatric] report provides a sufficiently compelling interest to overcome" the First Amendment right of access); cf. Amodeo, 71 F.3d at 1051 ("In determining the weight to be accorded an assertion of a right of privacy, courts should first consider the degree to which the subject matter is traditionally considered private rather than public. . . . [F]amily affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public.").

"The party moving to seal a document (or to maintain it under seal) bears the burden of establishing that sealing is warranted." United States v. Zazi, Nos. 09-CR-663 (RJD), 10-CR-19 (RJD), 2010 WL 2710605, at *2 (E.D.N.Y. June 30, 2010).

3

## III. ANALYSIS

At the outset, the court notes that it requested that the Government submit the Military Records. It is not as though Defendant submitted these records "in an attempt to mitigate his sentence." United States v. Dare, 568 F. Supp. 2d 242, 244 (N.D.N.Y. 2008) (holding that the defendant's privacy interest in medical records was minimized where the defendant chose to introduce the medical information). The Military Records are in fact peripheral to Defendant's sentencing. With this in mind, the court finds that Defendant has met his burden of establishing that continued sealing of the redacted portions of the Military Records is warranted, as the presumption of access with respect to those sections is overcome by "higher values" connected with Defendant's privacy interests.[2]

The redactions submitted by Defendant keep several categories of information under seal:

- Personal identifying information, including Defendant's social security number, birth date, home address and phone number, as well as Defendant's father's home address;

- Defendant's blood type;

- Information concerning Defendant's family and home life; and

- Information concerning Defendant's mental health.

The court finds that the personal identifying information is properly redacted pursuant to Federal Rule of Criminal Procedure 49.1. The remainder of the proposed redactions are also proper, as they are necessary to protect Defendant's privacy interests, relating both to his family life and medical history. Moreover, the proposed redactions are "narrowly tailored," as the categories of information redacted are readily distinguishable from those that Defendant proposes to unseal.

---

[2] The court assumes for purposes of this discussion that the "more stringent First Amendment framework applies"; therefore, the court does not consider whether under the common law right of public access "countervailing factors" justify continued sealing. Lugosch, 435 F.3d at 124.

4

The court therefore finds that "higher values" necessitate the proposed redactions and continued sealing of those portions is warranted.

## IV. CONCLUSION

For the foregoing reasons, non-party Riley's Motion to Unseal (Dkt. 57) is DENIED. The Clerk of Court is respectfully DIRECTED to (1) unseal Defendant's proposed redacted Military Records (Dkts. 60 and 60-1) and (2) mail a copy of this Order to Riley at the following address: John Riley, c/o Newsday, 235 Pinelawn Road, Melville, NY 11747.

SO ORDERED.

Dated: Brooklyn, New York
May 4, 2017

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge