UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
UNITED STATES OF AMERICA,

        -against-　　　　　　　　　　　　　　　　　　　　　　　　　MEMORANDUM & ORDER

BRYANT NEAL VINAS,　　　　　　　　　　　　　　　　　　　　　　08-CR-823 (NGG)

                             Defendant.
------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

      Non-party John Riley ("Riley"), a member of the public and reporter for Newsday, has petitioned the court to unseal a sealed, classified letter (the "Sealed Letter") submitted by Defendant's counsel to the court in the above-captioned case. (See Mot. to Unseal ("Mot.") (Dkt. 56).) For the following reasons, the Motion is DENIED.

I.    BACKGROUND

      In connection with its submission of sentencing material, the Government moved for—and the court ordered—entry of a protective order pursuant to, inter alia, Section 3 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. 3 § 3, and Rules 16(d) and 57 of the Federal Rules of Civil Procedure. (See Mot. for Protective Order (Dkt. 37); Protective Order (Dkt. 40).) That Protective Order establishes procedures for limiting public disclosure of documents or information relating to the case that are designated as "classified . . . in the interests of national security" or derived from designated classified information. (Protective Order ¶¶ 2(a)(i)-(iv).)

      Defendant submitted the Sealed Letter to the court on March 23, 2017, pursuant to CIPA, noting that the letter was "presumptively classified." (See Not. of CIPA Filing (Dkt. 48).) On April 20, 2017, in connection with a status conference held on the same day, Defendant's

1

counsel submitted a letter to the court to "frame the issues at hand" in that conference. (Def. Apr. 20, 2017, Ltr. (Dkt. 55) at 1.) The purpose of that hearing was to discuss redactions to a classified Government submission. In their letter, Defendant's counsel referenced the Sealed Letter, stating that it sought "specific answers to some of the reasonable inferences that can be drawn from the Government's [classified] submission." (Id. at 8.)

Also on April 20, 2017, Riley moved the court to unseal the Sealed Letter.[1] (Mot.) Both the Government and Defendant have stated that they do not object to release of those portions of the Sealed Letter determined to be unclassified. (Gov't Resp. to Mot. (Dkt. 61) at 1.); Def. Resp. to Mot. (Dkt. 59) at 1-2.) Subsequent to these submissions, the Classified Information Security Officer charged with protecting classified information related to this case provided the court with a redacted copy of the Sealed Letter, which had been determined to be unclassified.[2]

The court finds that continued sealing of the redacted portions of the Sealed Letter is proper in light of the standards governing public access to judicial documents and so denies the motion to unseal.

## II.   LEGAL STANDARD

The public enjoys a presumptive right of access to judicial documents under the common law and a "qualified First Amendment right . . . to access certain judicial documents." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119, 120 (2d Cir. 2006) (internal quotations marks and citation omitted). Where the common law right applies, the court must apply a "presumption of access," with the weight of the presumption determined by the "role of the material at issue in the exercise of Article III judicial power" and its "resultant value . . . to those monitoring the

---

[1] In the same letter, Riley opposed the then-proposed closure of the classified portion of the April 20, 2017, status conference. (See Mot.) The court addressed this objection during the public portion of that hearing, making specific findings of fact on the record that closure was necessary.

[2] The Redacted Letter will be placed on the docket as a separate entry forthwith.

courts." United States v. Amodeo, 71 F.3d 1044, 1049 (2d Cir. 1995). In those cases, the "court must balance competing considerations against disclosure," permitting a document to be sealed from public access only where the "competing interests outweigh the presumption." Lugosch, 435 F.3d at 120. The qualified First Amendment right of access provides an additional, stronger level of protection than does the common law right, such that courts may only resist disclosure where "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." United States v. Erie Cty, N.Y., 763 F.3d 235, 239 (2d Cir. 2014) (internal quotation marks and citations omitted). Either or both of these rights of access may extend to criminal sentencing proceedings, and documents used in aid of those proceedings are "presumed to be open to the public." United States v. Huntley, 943 F. Supp. 2d 383, 385 (E.D.N.Y. 2013) (citing Nixon v. Warner Commc'ns, 435 U.S. 589, 597-98 (1978)); see United States v. Alcantara, 396 F.3d 189, 196-98 (2d Cir. 2005)); United States v. McLaughlin, No. 06-CV-965 (RJS), 2009 WL 4729877, at *1 (S.D.N.Y. Dec. 10, 2009) (holding that the common law provides a "presumptive right of access" to a "5K" letter).

The rights of access afforded by the common law and First Amendment are not absolute, however, and the need for disclosure may be overcome where the party seeking to seal the documents can show that there are "countervailing factors" (in the common law framework), see Amodeo, 71 F.3d at 1050, or that sealing is necessary to preserve "higher values" (in the First Amendment context), see Alcantara, 396 F.3d at 200. Courts have listed a number of qualifying "higher values" which may justify sealing, including the Government's interest in protecting national security and related information. See United States v. Aref, 533 F.3d 72, 82 (2d Cir. 2008) (redaction for "higher values" justified on a showing that information sought would "impair identified national interests"); cf. United States v. Moussaoui, 65 F. App'x 881, 887 (4th

3

Cir. 2003) (unpublished) ("At the outset, we note that there can be no doubt that the Government's interest in protecting the security of classified information is a compelling one.")

"The party moving to seal a document (or to maintain it under seal) bears the burden of establishing that sealing is warranted." United States v. Zazi, Nos. 09-CR-663 (RJD), 10-CR-19 (RJD), 2010 WL 2710605, at *2 (E.D.N.Y. June 30, 2010).

### III.  ANALYSIS

The court finds that continued sealing of the redacted portions of the Sentencing Memorandum is warranted, as the national security interests implicated by the redactions to the Sealed Letter constitute "higher values" sufficient to outweigh the presumption of public access.[3]

The court has reviewed both the redacted and original copies of the Sealed Letter in camera and finds the redactions to be both consistent with the Government's interest in protecting national security. The redactions to the Sealed Letter relate only to classified information of the type that necessitated the Protective Order in the first instance (see Protective Order ¶ 10) and are necessary to prevent the inadvertent public disclosure of information that could do "exceptionally grave damage to the national security of the United States" (id. ¶ 13). The court further finds that the redactions, limited as they are to a handful of words and phrases, are "no broader than necessary" to protect the public's qualified First Amendment right to access judicial documents. Aref, 533 F.2d at 82.

The court therefore finds that "higher values" necessitate the proposed redactions and continued sealing of those portions of the Sealed Letter is warranted.

---

[3] Since the court has concluded that the "more stringent First Amendment framework applies," the court does not consider whether under the common law right of public access "countervailing factors" justify continued sealing. Lugosch, 435 F.3d at 124.

4

## IV. CONCLUSION

For the foregoing reasons, non-party John Riley's Motion to Unseal is DENIED. The Clerk of Court is respectfully DIRECTED to mail a copy of this Order to Riley at the following address:

>John Riley
>c/o Newsday
>235 Pinelawn Road
>Melville, NY 11747

SO ORDERED.

Dated: Brooklyn, New York
June 6, 2017

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

5